DOWNEY, Judge.
In November 1970 the appellants, Charles and Ida Diamond, purchased a residential lot in The Woodlands, Section Seven, in the City of Tamarac, from Behring Corporation (the successor of Behring Properties, Inc.). The deed provided, among other things:
“That said land is free of all encumbrances éxcept the restrictions, reservations and servitudes of record, as recorded in Official Records Book 3877, Pages 583 through 591 of the Public Records of Broward County, Florida, against the subject property which requires the payment of a monthly maintenance and recreation .area charge by the Grantee; which said maintenance and recreation area charge does constitute a covenant running with the land and which shall be binding upon all subsequent heirs, legal representatives, assigns and successors of the Grantee, and which provides for a monthly payment to be made by Grantee in the initial amount of $48.00 in advance.”
Paragraph 9 of the restrictions referred to in the deed provides that: Behring was constructing recreational facilities on a certain parcel in the subdivision and that Behring intended to enter into a lease for that parcel of property and pay an annual rental therefor; each property owner in Section Seven would pay Vuoth of said rental, amounting to $20 per month; the rental would from time to time be adjusted to keep pace with the increased cost of living; Behring would have a lien on the lot of each owner who failed to pay the rent.
The lease contemplated by paragraph 9 of the restrictions had been executed and recorded June 24, 1969. Thereafter the owner and lessor of the recreational parcel conveyed that property to appellee, Al J. Schechter, and the lessee assigned all of its rights under the lease to the parcel to Schechter.
The Diamonds paid the monthly rental due from the time they purchased the property until November 1972. They made no payments thereafter, and they have refused to pay either the basic rental or any amount to meet the cost of living increase in the rental determined as of January 1, 1974. Schechter sued the Diamonds, claiming that, under the formula set forth in the lease, the latter amount is $5.66 per month. The Diamonds claimed that any cost of living increase does not exceed $4.38 per month. The trial judge entered a summary final judgment, finding the Diamonds owed Schechter $767.54 for ground rent from November 1, 1972, together with a cost of living increase effective January 1, 1974, in the amount of $25.66 per month. Thus, it appears the trial court found the cost of living increase in rent was $5.66 per month. The court also found that Schechter was entitled to a lien on the Diamonds’ property-
*10 The Diamonds contend there were genuine issues of material fact presented relative to Schechter’s right to a lien on their property and as to the amount of the cost of living increase in the rent.
We have carefully reviewed the briefs and the entire record in this case and find no error in the trial court’s ruling either as to Schechter’s entitlement to a lien or the amount of the rent increase due to the increase in the cost of living.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
SMITH, ROBERT P., Jr., and SCHWARTZ, ALAN R., Associate Judges, concur.